## ALGIERS HOMESTEAD ASS'N v. SALATHE.

### No. 17055.

Court of Appeal of Louisiana. Orleans.

March 24, 1939.

Carl A. Conrad and Henry G. Huckabee, both of New Orleans, for appellant.

Curtis, Hall & Foster, of New Orleans, for appellee.

McCALEB, Judge.

This is a suit for the recovery of past due rent under a written contract of lease. Plaintiff alleges that, on August 16, 1937, it leased to the defendant for a period of one year the premises 900 Opelousas St. in the Fifth District of the City of New Orleans, as a gasoline service station, in consideration of a fixed monthly rental of $30 plus an additional amount equivalent to 1¢ per gallon on gasoline and other motor fuels sold by the defendant each month in excess of 3,000 gallons; that, under the terms of the lease, the rent was due and payable on the first of each calendar month; that the defendant took possession and paid the rent until the month of December, 1937, and that he defaulted in his payment for that month as well as for the months of January, February and March, 1938.

The defendant answered and admitted the execution of the lease; that he took possession of the premises in accordance therewith and that he has not paid the stipulated rent for the months alleged in plaintiff's petition. He set forth, however, that, after he had been in occupancy of the property for three months, it became untenantable as a result of decay; that he notified plaintiff that the premises could not be used by him in that condition and that plaintiff agreed to make the necessary repairs. He further avers that, in conformity with this verbal agreement, the plaintiff inspected the property and later notified him that it was in such bad condition that it could not be repaired and that it would be necessary to rebuild it. He further says that plaintiff demolished the building and partially rebuilt it; that the rebuilding work has never been completed; that, since December 1, 1937, he has been deprived of the use of the property and that, accordingly, he is not liable to the plaintiff for the rent sued for.

The case proceeded to trial on these issues and, when the defendant attempted to introduce evidence in proof of his defense, the trial judge, upon an objection interposed by counsel for plaintiff, refused to permit him to testify concerning the matters and things set forth in his answer and rendered judgment in favor of the plaintiff for the amount claimed. Hence this appeal.

The only question presented for our consideration is whether the trial court was correct in refusing to permit the defendant to introduce oral proof of the defense contained in his answer.

Counsel for the plaintiff contends that this evidence was inadmissible because the contract of lease provides that "Lessor shall not be obligated to make any repairs whatsoever to the leased premises."

While it is plain that oral evidence is inadmissible to vary or contradict the stipulation contained in the lease, the defendant is nevertheless entitled to prove, if he can, the allegations of his answer. He does not rely upon a prior parol agreement to sustain his defense but maintains (1) that the provision of the lease, with respect to making repairs, was abrogated by a subsequent oral agreement; (2) that the plaintiff did not deliver the premises to him in good condition and (3) that the property, due to decay and vices of original construction, became untenantable.

Counsel for plaintiff, however, proclaim that the evidence tendered by the defendant exhibits that he was attempting to show either a prior or a contemporaneous parol agreement which would, in effect, tend to alter and vary the conditions of the lease and they point to the record in the case as sustaining their contention. The transcript reveals the following:

"By Mr. Huckabee: Why did you fail to pay the rent? Tell the court your whole story in your own words.

"By Mr. Foster: If your Honor please, I want to make this objection to any reference to failure to pay this rent on account of any repairs which may have been needed to those premises, inasmuch as the lease contains express stipulation that lessor was not to be called on to make any repairs whatever.

"By Mr. Huckabee: In that connection, we want to show that these were not re-

204

pairs but the place had to be entirely rebuilt.

"By the Court: Let me hear what Mr. Salathe has to say.

"By Mr. Salathe: When I leased the place Mr. Humphrey promised me—that is why he put that insertion in there—he promised to put it in condition.

"By Mr. Foster: If your Honor please, I wish to renew my objection to testimony of this character, and to object further to any testimony as to any promises on the part of Mr. Humphrey tending to vary the written lease sued on by plaintiff.

"By the court: The lease contains the specific provision that lessor shall not be obligated to make any repairs whatsoever, and now defendant would have me admit testimony, that, despite the express stipulation in the lease, the plaintiff or Mr. Humphrey promised to make the necessary repairs to put the place in condition. I rule that the testimony is absolutely incompetent and irrelevant and the objection will be sustained.

"By Mr. Huckabee: If your Honor please, Article 2692 of the Code and the following articles show that the landlord is charged with the obligation to make the necessary repairs and to keep the building tenantable. . In this case, we do not want to show that repairs were necessary but that the entire building had to be rebuilt. If we are not permitted to proceed along the lines stated, there is nothing more we can offer.

"At this juncture there was general discussion between counsel and the Court.

"By Mr. Foster: May it please Your Honor, if defendant has nothing more to offer, I move that there be judgment herein as prayed for by plaintiff."

██ It is our belief that our brother below misconstrued the defendant's attempt to substantiate the averments of his answer by parol testimony. It is true that, when counsel for plaintiff first objected to the evidence tendered, the court in effect overruled the objection by stating: "Let me hear what Mr. Salathe has to say." Thereafter the defendant, in testifying, referred to a promise made by the plaintiff at the time the property was leased and the court correctly sustained counsels' objection to that evidence. Counsel for defendant thereupon stated that he desired to show that the property had become untenantable and that plaintiff had undertaken to rebuild it. The court apparently refused to permit him to introduce this proof.

██ This was error. Although the lease imposed upon the defendant the duty of making all necessary repairs, it certainly cannot be said that it was within the contemplation of the parties that the defendant would be charged with the obligation of rebuilding the property in case it became unfit for the use for which it was leased. See Bennett v. Southern Scrap Material Co., 121 La. 204, 46 So. 211. Moreover, defendant was also entitled to show a subsequent oral agreement on the part of the plaintiff to repair the property notwithstanding the provisions of the written contract.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that this case be remanded to the Second City Court of New Orleans for further proceedings according to law and consistent with the views herein expressed. The costs of this appeal to be borne by the plaintiff, other costs to await final determination of the case.

Reversed and remanded.